## WARNOCK & HUGHES v. SMITH.

1. An action will lie for the breach of a contract, by which a debtor, against whom his creditor was about to institute legal proceedings to recover a debt, secured by two notes, agreed, that in consideration the creditor would forbear to institute legal proceedings, to subject a slave of the debtor, to the payment of the debt, he would have the slave forthcoming, at a time and place agreed on, if he did not pay the debt. It is not necessary to aver, that the creditor could have levied an execution, or attachment on the slave, if he had been produced, as the law implies damage from the breach of the contract.

Writ of Error to the Circuit Court of Benton. Before the Hon. G. W. Stone.

THE defendant in error declared against the plaintiffs in assumpsit. The substance of the declaration may be thus stated: Smith, the plaintiff below, held two notes on Warnock, one for $62, the other for $110. That Warnock owned a negro woman, a slave of value sufficient to pay and satisfy said notes, and that the plaintiff, about the first of February, 1843, was about to institute legal proceedings to subject the slave to the payment of the notes; and in consideration of the forbearance of the plaintiff, to institute legal proceedings to subject the slave, the defendants, on the 21st

day of February, 1843, made and delivered to the plaintiff, an agreement in writing, in reference to said notes, and said slave, whereby said defendants bound themselves to the plaintiff, to have the slave forthcoming in Benton county, on the first day of January, 1844, should said Warnock fail to pay said notes; and the plaintiff averred, that the said Warnock failed to pay said notes, and that they are still unpaid, and that said slave was not forthcoming in Benton county on the first day of January, 1844, nor is said slave yet forthcoming in Benton county. The declaration also avers, that in consideration of said agreement, that said plaintiff did forbear to institute legal proceedings to subject said slave, and concludes with the usual *super se assumpsit*.

To this declaration a demurrer was interposed, which was overruled by the court. The general issue was then pleaded, and a verdict and judgment being rendered for the plaintiff below, the defendants here assign for error, that the court erred in overruling the demurrer.

A. J. WALKER, for the plaintiff in error, cited Terry v. Eslava, 1 Por. 273; 1 Chit. Pl. 338.

RICE, for defendant.

DARGAN, J.—The plaintiffs in error do not deny that the contract was legal, and also was founded on a sufficient consideration, as described in the declaration; but it is insisted that no damages could have resulted to the plaintiff from a breach of it, because the plaintiff did not aver, or show in his declaration, that if the slave had been forthcoming, he could have taken legal proceedings to subject her to the payment of his debt. That he did not aver he could have issued an execution, or an attachment, whereby the slave could have been subjected to his debt.

The rule of law is well settled, that where there is a contract shown, and a breach of it, damages are implied from the mere breach, and the plaintiff must necessarily be entitled to

some damages—to nominal damages, if nothing more. See Chit. Plead. 338. This declaration sets out a contract, and alledges a breach of it ; the quantum of damages was for the jury to determine, under the evidence. The demurrer was properly overruled, as the law would imply damages from the breach alone.